UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Davis, # 304804, ) | C/A No. 4:16-2791-MGL-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Thomas Elemo, ) | |
| John Wiggins, ) | |
| J. Wutton, ) | |
| Lester Smith, ) | |
| Defendants. ) | |

This is a civil action filed by Eric Davis ("Plaintiff"), a state prisoner proceeding *pro se*, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

**DISCUSSION**

Plaintiff has substantially complied with two prior orders of the court and this case is now in proper form. Under a liberal construction, the court considers both complaint forms filed as the Complaint. Plaintiff alleges Eighth and Fourteenth Amendment right violations under 42 U.S.C. § 1983. As to exhaustion of administrative remedies, Plaintiff alleges that he filed a grievance and requests and did not receive a response.[1] Plaintiff names Thomas Elemo, John Wiggins, J. Wutton, and Lester Smith as Defendants in their official capacity only. Plaintiff alleges that in front of Elemo on March 22, 2015, an uncuffed inmate threatened to beat Plaintiff if Elemo placed Plaintiff in his cell. Then Elemo placed Plaintiff into the cell without removing Plaintiff's handcuffs. The inmate beat Plaintiff repeatedly while Elemo watched until Plaintiff had a seizure and was transported to the emergency room. Plaintiff requests monetary damages. Plaintiff provides sufficient factual allegations to withstand summary dismissal against Defendant Elemo.

However, Plaintiff fails to state a claim against Wiggins, Wutton, and Smith, and these Defendants are subject to summary dismissal.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color

---

[1] Only available remedies are required to be exhausted. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a prisoner through no fault of his own was prevented from availing himself of the grievance procedure, then the administrative remedies would be considered unavailable to him. *See id.* However, a failure to exhaust available administrative remedies is not a jurisdictional requirement and prisoners are not required to plead exhaustion or bear the burden of proof on exhaustion. *Id.* At this juncture, a failure to exhaust is not evident on the face of the pleadings and the court is not required to address it further *sua sponte*.

of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

There are no factual allegations as to Lester Smith in the Plaintiff's Complaint. The extent of the allegations against Wutton is "Wutton was in SMU this very day of the attack." ECF No. 1. Plaintiff does not allege any conduct or any connection of Elemo to Wutton or Smith. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* When the Plaintiff's Complaint lacks such factual details, no plausible claims are stated by the Plaintiff.

The extent of Plaintiff's allegations against Lt. Wiggins are that Wiggins was the Lieutenant over lock up. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff has not adequately pleaded the supervisory liability exception. Plaintiff has made no particular allegations of any knowledge, personal or subjective, on any supervisor's part of the facts in his complaint. Supervisory officials named as Defendants cannot be held liable simply based on their oversight of subordinates.

The Complaint does not indicate any involvement by Wiggins and does not allege facts to meet the supervisory liability exception. Thus, summary dismissal of Defendant Wiggins is

5

recommended. Plaintiff fails to state a claim for which relief can be granted against Defendants Wutton, Wiggins, and Smith.

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is recommended that Defendants Smith, Wiggins, and Wutton be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant Elemo.

|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
| October 20, 2016 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).